

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2005

# USA v. Maynard

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1608

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation
"USA v. Maynard" (2005). *2005 Decisions.* Paper 358.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/358

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 05-1608
_____

UNITED STATES OF AMERICA

v.

JAMIE DARNELL MAYNARD

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 03-cr-00173)
District Judge: Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 20, 2005

BEFORE: SCIRICA, Chief Judge, VAN ANTWERPEN and
ALDISERT, Circuit Judges

(Filed October 24, 2005)

_____

OPINION OF THE COURT
_____

VAN ANTWERPEN, Circuit Judge

Appellant Jamie D. Maynard appeals from the Judgment of Conviction entered

against him in the United States District Court for the Middle District of Pennsylvania. He argued that the District Court abused its discretion when it denied his motion to withdraw his guilty plea. For the reasons set forth below, we affirm.

I.

Early on the morning of March 21, 2003, an unidentified caller telephoned the Harrisburg police to complain that a blue car was parked illegally in a handicap parking space in front of 211 South 15th Street in Harrisburg, Pennsylvania. Officer Sanderson arrived at the location and observed a blue car with its lights on and a man passed out or sleeping behind the wheel. He peered into the vehicle with a flashlight and observed a black handgun on the occupant's lap. He called for backup and the police surrounded the vehicle and woke the occupant using an air horn and lights.

The occupant proved to be Maynard, who admitted to police that he did not have a permit for the gun. Maynard was placed under arrest and searched. The search produced cellular telephones, cash, a night-vision scope, approximately 100 grams of crack cocaine, and a small bag of marijuana. Maynard was charged in the United States District Court for the Middle District of Pennsylvania with: (1) possession of a firearm during, in relation to and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924©; (2) possession with intent to distribute in excess of 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(e).

On December 8, 2003, Maynard moved to suppress the gun and cocaine as fruits of an illegal search under the Fourth Amendment. The District Court denied Maynard's motion on January 23, 2004. On February 2, 2004, Maynard pled guilty to charges of possession of a firearm by a felon and possession of a firearm in furtherance of a drug crime. The plea agreement was conditional, and allowed Maynard to appeal certain suppression issues and avoid a mandatory life sentence. On July 28, 2004, Maynard, with new counsel, filed a motion to withdraw the guilty plea. The District Court denied Maynard's motion and on February 22, 2005, sentenced him to 20 years in prison. Maynard appealed.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction over the appeal pursuant to 18 U.S.C. § 1291. "We review a district court's ruling denying a defendant's motion to withdraw his guilty plea before sentencing pursuant to an abuse of discretion standard." United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003) (citing United States v. Harris, 44 F.3d 1206, 1210 (3d Cir. 1995)).

## III.

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, a defendant may withdraw a guilty plea before the court imposes sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).[1] "A district

_____

[1] In 2002, Rule 32(e) of the Federal Rules of Criminal Procedure , which set forth essentially the same rule, was transferred to Rule 11. According to the Advisory

court must consider three factors when evaluating a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." Jones, 336 F.3d at 252. Maynard failed to meaningfully assert his innocence and offered no persuasive reasons as to why he should be permitted to withdraw his plea. Accordingly, we conclude that the District Court did not abuse its discretion when it denied Maynard's motion to reopen.

A.

"Bald assertions of innocence . . . are insufficient to permit a defendant to withdraw her guilty plea." United States v. Brown, 250 F.3d 811, 818 (3d Cir. 2001). In Brown, we rejected a defendant's contention that she was "legally innocent" because "the government would be unable to prove its case against her beyond a reasonable doubt," when Brown failed to argue or present any evidence that she did not actually commit the crimes of which she was accused, and further failed to "meaningfully reassert her innocence or explain her contradictory positions taken before the District Court." Id. Similarly, in Jones, 336 F.3d at 253, we found that the defendant did not meaningfully

Committee, "[t]he language of Rule 11 has been amended and reorganized as part of the general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules. . . . Amended Rule 11(e) is a new provision, taken from current Rule 32(e), that addresses the finality of a guilty or nolo contendere plea after the court imposes sentence." Notes of Advisory Committee on 2002 amendments to Fed. R. Crim. P. 11. Because the change was stylistic and not substantive, we are comfortable relying on precedent explaining the former Rule 32(e).

4

assert his innocence when "[h]e made a blanket assertion of innocence . . . but offered no credible facts in support of his claim."

Here, Maynard simply testified that he was innocent, then went on to critique his attorney's handling of his case. He claimed that he did not park in a handicapped parking space and that he did not have a gun on his lap when he passed out. However, he never asserted that he did not have a gun in the car, nor did he offer to explain how crack cocaine and marijuana happened to be in his possession. "'Assertions of innocence must be buttressed by facts in the record that support a claimed defense.'" Brown, 250 F.3d at 818 (quoting United States v. Salgado-Ocampo, 159 F.3d 322, 326 (7th Cir. 1998)). We conclude that Maynard has failed to meaningfully assert his innocence.

B.

Maynard also failed to offer any persuasive reasons for allowing him to withdraw his plea. The crux of Maynard's argument is that he would not have pled guilty if his attorney had competently handled his suppression motion. "A court will permit a defendant to withdraw a guilty plea based on ineffective assistance of counsel only if (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms, and (2) the defendant shows that he suffered "sufficient prejudice" from his counsel's errors." Jones, 336 F.3d at 253-54 (citations omitted). Because we reject each of the five errors that Maynard claims his counsel made, we conclude that Maynard's counsel was not ineffective.

First, Maynard argues that his trial counsel was ineffective because he failed to demonstrate that Maynard's car was not illegally parked. The record reveals, however, that counsel questioned the arresting officer repeatedly about the how the car was parked and the officer testified convincingly that it was parked illegally. (App. 80-81) Furthermore, contrary to Maynard's brief, there was evidence on the record that the arresting officer ticketed Maynard's car for being illegally parked. (App. at 48.)

Second, Maynard argues that counsel failed to challenge the fact that the officer approached his car because of an unverified anonymous tip. Again, counsel did probe this fact when he questioned the arresting officer. Even if he had not, this argument is meritless because an officer is permitted to approach a car parked on a public street. Although Maynard cites cases limiting an officer's authority to conduct an investigatory stop on an anonymous tip, no Fourth Amendment stop took place here. "[A] person is 'seized' only when, by means of physical force or a show of authority, his freedom of movement is restrained." United States v. Mendenhall, 446 U.S. 544, 553 (1980). Here, the arresting officer did not stop Maynard, but only approached his parked car on a public street, and continued his investigation when he saw someone unconscious inside.

Third, Maynard claims that his counsel should have challenged the police officer's use of a flashlight in searching his car. This argument is without merit. "[T]he use of a flashlight to aid the officer's vision [does] not transform the observations justified under the 'plain view doctrine' into an illegal search." United States v. Rickus, 737 F.2d 360,

6

367 n.2 (3d Cir. 1984)

Fourth, Maynard argues that counsel should have raised the argument that the police had a personal vendetta against Maynard. Although Maynard testified to past run-ins with the police, he failed to explain the "vendetta" or the motives of the police who were allegedly harassing him. Even if he had, it is well settled that police can temporarily detain someone when they have probable cause to believe he violated a law, even if the police have some other motivation for the detention. Whren v. United States, 517 U.S. 806, 813 (1996). Any "vendetta" the police may have been pursuing is irrelevant to the propriety of the search since Maynard was arrested for possessing a gun to which he had no permit.

Finally, Maynard cites Rule 1(a)(4)[2] of the Federal Rules of Criminal Procedure and argues that his case was improperly removed from state court to federal court. Unfortunately, Maynard fails to explain how this rule is applicable to his situation. Maynard was charged with federal crimes and convicted in federal court. We have found no error involving Rule 1(a)(4).

## C.

Having established that Maynard failed to effectively assert his innocence or assert any persuasive reasons for withdrawing the plea, we need not linger on the prejudice

---

[2] The Rule states, "Removed Proceedings. Although these rules govern all proceedings after removal from a state court, state law governs a dismissal by the prosecution." Fed. R. Crim. P. 1(a)(4).

7

factor. "[T]he Government need not show . . . prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea." Jones, 336 F.3d at 255 (citing United States v. Harris, 44 F.3d 1206, 1210 (3d Cir. 1995)).

IV.

Maynard's claim is clearly meritless. Maynard has failed to meaningfully assert his innocence or offer any persuasive reasons for allowing him to withdraw his plea. The decision of the District Court is affirmed.